IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| Charles Warren, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|          v. ) | No.  08-CV-1172 |
| ) | |
| John M. Briggs, ) | |
| Tom Bond, ) | |
| Steven M. Settingsgaard, and ) | |
| City of Peoria, ) | |
| ) | |
|    Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff pursues claims arising from alleged excessive force, false arrest, and an unreasonable search that occurred on July 18, 2007, in Peoria, Illinois. He filed this case pro se on July 16, 2008, and his claims largely survived the first round of motions to dismiss.  (1/21/09 Order by Judge Mihm, dismissing Defendant Ardis and Settingsgaard in his official capacity).  Counsel appeared for Plaintiff in February, 2010, and leave was granted for Plaintiff to file a Second Amended Complaint.  (d/e 74).

Now before the Court are motions to dismiss portions of the Second Amended Complaint (d/es 89, 93).  For the reasons below, the Court recommends that the motions be granted in part and denied in part.

## Analysis

Count I of the Second Amended Complaint is titled "First Cause of Action for Assault in Violation of 42 U.S.C. § 1983 . . . ." (d/e 82, p. 4). It alleges that "[a] person commits an assault, when, without lawful authority, he engages in conduct, which places another in reasonable apprehension of receiving a battery." (d/e 82, ¶ 23). Count I then alleges that "Defendants Briggs and Bond committed assault against Plaintiff in violation of the 4th Amendment to the Constitution . . . ." (d/e 82, ¶ 26).

Similarly, Count II of the Second Amended Complaint is titled "Second Cause of Action for Battery in violation of 42 U.S.C. § 1983 . . . ." (d/e 82, p. 5). Count II alleges that "[a] person commits a battery when he touches the person of another without authorization." (d/e 82, ¶ 28)(citation omitted). Count II concludes that "Defendants Briggs and Bond committed battery against Plaintiff in violation of the 4th Amendment . . . ." (d/e 82, ¶ 31).

The Court agrees with Defendants that Counts I and II are redundant of Count III, which is titled "Excessive Force in Violation of 42 U.S.C. § 1983 . . . ." (d/e 82, p. 6). Count III sets forth the Fourth Amendment's objective reasonableness standard and alleges that Defendants Briggs and Bond's actions violated that standard. Counts I and II are based on the same conduct that Plaintiff believes was objectively unreasonable under the Fourth Amendment in Count III. All three counts are based on the alleged grabbing of Plaintiff, pushing

him to the ground, twisting his arms, and shoving a knee into his shoulder.

Further, Defendants are correct that the legal definitions for assault and battery do not define the standard for unreasonable seizure or excessive force under the Fourth Amendment, and therefore cannot be the basis for a Fourth Amendment claim. Lanigan v. Village of East Hazel Crest, Ill., 110 F.3d 467, 471 (7th Cir. 1997)("Clearly, there is no cause of action under § 1983 for simple tort law duties-of-care."). Plaintiff concedes that there is no § 1983 cause of action for assault and battery, but he contends that he is "not asserting an actual Count for 'assault' or 'battery' under the Fourth Amendment." (d/e 97, p. 2). He seems to argue that a battery or assault can also rise to the level of a Fourth Amendment violation. That argument just demonstrates that the counts are duplicative.

The Court therefore recommends that Counts I and II be dismissed.

Defendants next seek to dismiss Count VI, which alleges that Defendant Settingsgaard (the police chief), personally "devised a deliberately indifferent policy" that caused the constitutional violations. (d/e 82, ¶¶ 52). Specifically, Settingsgaard allegedly:

> knew of, permitted, encouraged, tolerated and ratified an unconstitutional pattern and practice by Defendants Briggs and Bond, as well as those of fellow Peoria Police Officers. This practice includes, but is not limited to: permitting the use of excessive force on individuals during the course of an investigatory stop or detention; falsely arresting victims of excessive force; filing false criminal complaints against victims of excessive force that are often dismissed

>at their criminal trials; inadequately training law enforcement personnel in the proper use of force when encountering citizens; and failure to adequately discipline, investigate and monitor Peoria police officers who use force on members of the Peoria community.

(d/e 82, ¶ 53).

Settingsgaard agrees that "a supervisor may be liable where they 'personally devise a deliberately indifferent policy that caused a constitutional injury.'" (d/e 90, p. 4)(*quoting* Armstrong v. Squadrito, 152 F.3d 564, 581 (7th Cir. 1998); *see also* Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)( supervisor can be liable under § 1983 if he approves, encourages, or turns blind eye to constitutional violations).  He contends, though, that Plaintiff's allegations are mere conclusory recitations of the elements of the cause of action, with no underlying factual allegations to lend "facial plausibility" to the claim.  (d/e 90, p. 5)(*quoting* Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  He points out that Plaintiff has already received "voluminous discovery" and should therefore be able to offer factual allegations to suggest that his claim again Settingsgaard is plausible.  (d/e 90, p. 5).

To state a claim under federal notice pleading standards, the Complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Factual allegations are accepted as true and must give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77

(7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). The "'. . . allegations, [must] show that it is plausible, rather than merely speculative, that [the plaintiff] is entitled to relief.'" Tamayo v. Blagojevich, 526 F.3d 1074, 1083 (7th Cir. 2008)(quoted and other citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009), *citing* Twombly, 127 S.Ct. 1955. Legal conclusions, unsupported by alleged underlying facts, are not entitled to "the assumption of truth." Id. at 1951. Plaintiffs must do more than "merely parrot the statutory language of the claims that they are pleading (something that anyone could do, regardless of what may be prompting the lawsuit), rather than providing some specific facts to ground those legal claims, . . . ." Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009).

It is sometimes difficult to tell the difference between a "mere conclusory statement" and "factual content" when applying Rule 8. Application of the notice pleading standard is not a bright-line test, but rather "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Cooney v. Rossiter, 583 F.3d 967, 971 (7th Cir. 2009), *quoting* Iqbal, 129 S.Ct. at 1950. "In other words, the height of the pleading requirement is

relative to circumstances." Id.   For example, an allegation of discrimination may seem "conclusory," but it is sufficient to state a claim.  Swanson, — F.3d —, 2010 WL 2977297 *4 (7th Cir. 2010)(alleging the date and kind of discrimination, and who discriminated, is enough).

Plaintiff's allegations that Settingsgaard condoned the officers' actions and devised a deliberately indifferent policy do recite the elements of his cause of action, and so they are conclusory in that sense, but they are also factual.  It is hard to know what further detail would be required at the notice pleading stage, for a claim of unconstitutional policy or personal responsibility of a supervisor.  Settingsgaard seems to want specific examples, but the Court does not believe that is required under Iqbal or Twombly.

The fact that Plaintiff has had an opportunity to conduct discovery should not change the analysis.  Setting a higher notice pleading bar just because a plaintiff has engaged in discovery would set two different notice pleading standards, a result not contemplated Fed. R. Civ. P. 8 or case precedent, in the Court's opinion.[1]

The Court also notes that, in the cases cited by Settingsgaard, there were "obvious alternative explanation[s]" to explain a defendant's actions other than

---

[1] The record does not show how much discovery Plaintiff obtained pro se, or what discovery Plaintiff's counsel has conducted since his appearance in February, 2010.  Deadlines in the case have been cancelled, to be reset, but discovery has been allowed to continue.  (5/24/10 text order).

illegality.  See Bell Atlantic, 550 U.S. at 554, 567, 570 (parallel conduct alleged did not plausibly suggest antitrust conspiracy; parallel conduct was "in line with a wide swath of rational and competitive business strategy"); Iqbal, 129 S.Ct. at 1951 (In wake of September 11 attacks, "[i]t should come as no surprise that a legitimate policy . . . to arrest and detain individuals . . . would produce a disparate, incidental impact on Arab Muslims, even though the purpose was [not] to target [them]. . .."); Brooks, 578 F.3d at 581 (alleged behavior of giving interviews and producing investigative reports was "just as consistent with lawful conduct as it is with wrongdoing").  Here, there are no obvious alternative explanations for Settingsgaard's alleged approval of excessive force and false arrest by his officers.  The question here is not the reason for Settingsgaard's actions, but whether he took those actions at all.  That is a classic summary judgment question.  The Court will therefore recommend that Count VI stay in for further development.

On a separate issue, Defendants Briggs and Bond move to be dismissed in their official capacities because that claim is redundant of the claim against the City of Peoria.  Plaintiff has not responded to this motion, and Briggs and Bond are correct.  See Sanville v. McCaughtry, 266 F.3d 724, 732-33 (7th Cir. 2001) ("Official capacity suits are actions against the government entity of which the official is a part.").  The Court will therefore recommend that this motion be allowed.

WHEREFORE, the Court RECOMMENDS that Defendants' motion to dismiss Counts I and II be granted and denied as to Count VI (d/e 89). The Court FURTHER RECOMMENDS that motion to dismiss Defendants Briggs and Bond in their official capacities be granted (d/e 93).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after ECF service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:   September 22, 2010

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE