E-FILED
Monday, 25 July, 2011 04:15:57 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| CHARLES WARREN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-01172 |
| | ) |
| JOHN M. BRIGGS, TOM BOND, STEVEN SETTINGSGAARD, CITY OF PEORIA, | ) |
| | ) |
| Defendants. | ) |

## O R D E R

Now before the Court is Defendants' John Briggs, Tom Bond, and Steven Settingsgaard's ("Individual Defendants") Motion for Summary Judgment [#113] and Defendant City of Peoria's Motion for Summary Judgment [#114]. For the reasons set forth below, the Individual Defendants' Motion [#113] is GRANTED, and Defendant City of Peoria's Motion [#114] is GRANTED.

### JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as the claim asserted in the Complaint presents a federal question under the United States Constitution.

### LOCAL RULE 7.1 AND FEDERAL RULE OF CIVIL PROCEDURE 56

Initially, the Court notes that Plaintiff Charles Warren ("Warren"), who is represented by counsel, failed to comply with Local Rule 7.1 as his Response did not contain any response to the Defendants' Statement of Facts. The Court afforded Warren an additional opportunity to

1

comply with this Rule in its text order on July 5, 2011. By virtue of this failure, the facts in Defendants' Motions are deemed uncontested and true.

The Seventh Circuit has "repeatedly . . . sustained the entry of summary judgment where the non-movant has failed to [respond] in the form called for by the pertinent rule and thereby concedes the movant's version of the facts." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 922 (7th Cir. 1994). Despite the fact that he received notice via a text order informing him of the requirements of Local Rule 7.1, Warren has made no attempt to amend his pleadings. Accordingly, the Court will treat Defendants' Statements of Undisputed Facts as admitted.

## BACKGROUND

On July 18, 2007, Plaintiff Charles Warren ("Warren"), was sitting on the side of the road at the intersection between Fairmont Drive and Fairlawn Lane. Officers John M. Briggs ("Briggs") and Tom Bond ("Bond") are City of Peoria Patrolmen. Steven M. Settingsgaard ("Settingsgaard") was the Chief of Police for the City of Peoria. On July 18, 2007, Officers Briggs and Bond arrived at the intersection where Warren was sitting, along with fire personnel, responding to a report of "man down." Officers Briggs and Bond requested that Warren leave the area as it was private property. After arguing briefly with the officers, Warren began walking alongside the curb on the right side of Fairmont Drive after crossing the street.

Officers Briggs and Bond then pulled up in their police vehicle, got out of the car, and informed Warren that he had jaywalked. They then asked Warren for identification. Warren did not provide identification and, instead, stated that his rights were being violated and asked to speak to his attorney. Officers Briggs and Bond then approached Warren and placed him under arrest, putting him face down on the ground and handcuffing him. The Officers then requested

back-up, and a second police car arrived. During the arrest, Warren's wallet was taken and examined, and the Officers shone flashlights into his car.

Warren filed this action on July 16, 2008, against Briggs, Bond, Settingsgaard, and the City of Peoria. Warren also named Jim Ardis, the mayor of Peoria. On January 21, 2009, the Court adopted the Report and Recommendation of Magistrate Judge Cudmore, dismissing the claims against Defendant Ardis and the claim against Defendant Settingsgaard in his official capacity. The claims against Defendants Briggs and Bond in their official capacities were also dismissed by this Court on October 21, 2010 along with Warren's claims for assault and battery.

Warren's remaining claims are against Officers Briggs and Bond in their individual capacities for excessive force, false arrest, and unreasonable search and seizure. Chief Settingsgaard is sued under Section 1983 for personally condoning the actions of Officers Briggs and Bond. Warren also sues the City of Peoria for promulgating an unconstitutional policy. Defendants now move for summary judgment on the pending claims against them. The matter has been fully briefed, and this Order follows.

## DISCUSSION

Summary judgment should be granted where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet its burden of showing an absence of material facts by demonstrating "that there is an absence of evidence to support the nonmoving party's case." *Id.*

at 325. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir. 1988).

If the moving party meets its burden, the nonmoving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Federal Rule of Civil Procedure 56(e) requires the nonmoving party to go beyond the pleadings and produce evidence of a genuine material issue for trial. *Celotex Corp.*, 477 U.S. at 324. This Court must then determine whether there is a need for trial — whether, in other words, there are any genuine factual issues that can properly be resolved only by a finder of fact because they may be reasonably resolved in favor of either party. *Anderson*, 477 U.S. at 249; *Hedberg v. Indiana Bell Tel. Co., Inc.,* 47 F.3d 928, 931 (7th Cir. 1995). Finally, where a party bears the burden of proof on an issue, he or she must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact requiring trial. *Sarsha v. Sears, Roebuck & Co.*, 3 F.3d 1035, 1041 (7th Cir. 1993).

### I. False arrest claim against Defendants Briggs and Bond

To succeed on a claim of false arrest or false imprisonment, a plaintiff must prove that he was arrested without probable cause. *Williams v. Rodriguez*, 509 F.3d 392, 398 (7th Cir. 2007); *Hernandez v. Dart*, 635 F. Supp. 2d 798, 806 (N.D. Ill. 2009) (*citing* Illinois case law, which provided that the defendants must have had reasonable grounds to believe the plaintiff committed an offense); *see also Jones by Jones v. Webb*, 45 F.3d 178, 181 (7th Cir. 1995) (explaining that "a necessary predicate to any unlawful arrest claim under Section 1983 is the

4

absence of probable cause").

It is undisputed that Warren was walking down Fairmont Drive in violation of Peoria City Code 28-227c:

> Where neither a sidewalk nor a shoulder is available, any pedestrian walking along and upon a highway shall walk as near as practicable to the outside edge of a roadway; and, if on a two-way roadway, shall walk only on the left side of the road.

In the record before the Court, there is no evidence that would lead a reasonable factfinder to conclude that Warren was in compliance with the Code and, therefore, summary judgment must be granted on this claim.

## II. Unreasonable search and seizure claim against Defendants Briggs and Bond

The Fourth Amendment guarantees the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." The threshold inquiry in this discussion is whether the officers' actions were reasonable, which is a standard measured in light of the totality of the circumstances. *Johnson v. Manitowoc County*, 653 F.3d 331, 334-35 (7th Cir. 2011). Reasonableness is "determined by balancing the degree to which a challenged action intrudes on an individual's privacy and the degree to which the action promotes a legitimate government interest." *Id.* (citing *Green v. Butler*, 420 F.3d 689, 694 (7th Cir. 2005)). This inquiry extends to the manner in which the search is conducted. *Id.*

Plaintiff's arguments hinge on the legality of the arrest. This Court has already found that there is no genuine issue of material fact pertaining to whether Warren's arrest was reasonable. As such, Defendants' seizure of Warren's wallet was incident to a lawful arrest and,

therefore, is permissible under the Fourth Amendment. *See U.S. v. Molinaro*, 877 F.2d 1341, 1346-47 (7th Cir. 1989).

### III. Excessive force claim against Defendants Briggs and Bond

The reasonableness of a particular use of force depends on the circumstances of the case. *Catlin v. City of Wheaton*, 574 F.3d 361, 366 (7th Cir. 2009) (quoting *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865 (1989)). In assessing the actions of the defendant, the Court must comply with the Fourth Amendment's "reasonableness" requirement, which requires a balancing of "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Catlin*, 574 F.3d at 366 (quoting *Graham*, 490 U.S. at 396, 109 S.Ct. 1865 (1989)). The reasonableness of particular force must be judged from the perspective of a reasonable officer on the scene. *Graham*, 490 U.S. at 396, 109 S.Ct. 1865.

The Court may consider various factors such as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest." *Id.* The Seventh Circuit has previously held that, in cases where the material facts of the case are disputed, summary judgment should be granted sparingly. *Abdullahi v. City of Madison*, 423 F.3d 763, 773 (7th Cir. 2005) (quoting *Santos v. Gates*, 287 F.3d 846, 853 (9th Cir. 2002)). It is undisputed that Defendants Briggs and Bond grabbed Warren's arms and placed him down on the ground. There is nothing in the record before the Court to indicate that any further physical force was used. Warren was being uncooperative throughout his encounter with the Defendants, and there is no evidence that Warren sustained any injuries from the officers' conduct. Thus, there is no genuine issue of material fact regarding

the reasonableness of this level of force.

## IV. Qualified immunity for Defendants Bond and Briggs

As the Court has found that there is no genuine issue of material fact as to whether a constitutional violation occurred, a decision on the grounds of qualified immunity is not necessary to resolve the case against Defendants Bond and Briggs.

## V. Individual liability claim against Defendant Settingsgaard

Defendant Settingsgaard may be held liable in his individual capacity if he knew, facilitated, approved, or condoned the conduct that caused the alleged constitutional deprivation. *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). In this case, Defendant Settingsgaard would have to know of, facilitate, approve, or condone Warren's arrest and the actions of the officers during the arrest.

In its Response to the Motion for Summary Judgment, Plaintiff clarifies that he is suing Settingsgaard for his involvement in "training and instruction" of officers. This argument does not support a violation of Plaintiff's due process rights by Settingsgaard in his individual capacity as failure to train claims are only appropriately maintained against a municipality. *Sanville v.* McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001); *Vida v. Walker*, 2007 WL 2680567 (C.D. Ill. 2007). Plaintiff does not put forth any additional theory or fact to support his claim against Settingsgaard. Thus, there is no genuine issue of material fact to support the allegation that Settingsgaard is individually liable.

## VI. Municipal liability against the City of Peoria

Municipalities may also be held liable under section 1983. *Monell v. Dep't of Soc. Servs.*

*of New York*, 436 U.S. 658, 690, 98 S.Ct. 2018 (1978).  In order to maintain a case for municipal liability, a plaintiff must establish that the municipality had "a custom or policy that contributed to the infliction of the [incident]." *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). In this case, Plaintiff attempts to assert this claim by showing a "widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law." *Id.* at 595 (citing cases).

Plaintiff provides no evidence of instances in which the City of Peoria allegedly allowed its police officers to arrest persons without probable cause, subjecting persons to excessive force during the course of an arrest, and/or failing to train officers in the use of force.  Plaintiff claims that he has "presented of (siq) internal investigations about complaints of false arrest or excessive use of force, speaking to others who claim to be victims of police misconduct."  Pl. Resp. at 3.  This information is not in the record before the Court.  Furthermore, the Court afforded Plaintiff an opportunity to attach exhibits to his Response, which Plaintiff failed to do. Thus, the record as it appears before the Court, contains no evidentiary support for the claim against the City of Peoria, and summary judgment is appropriate.

## CONCLUSION

For the reasons set forth above, Individual Defendants' Motion for Summary Judgment [#113] is GRANTED, and Defendant City of Peoria's Motion for Summary Judgment [#114] is GRANTED.  This case is now terminated.

    Entered this __25th__ day of July, 2011.

                                             s/ Michael M. Mihm

                                             Michael M. Mihm
                                             United States District Judge